**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
FILED
NOV 20 2026
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 6:26-Cr-132-SCM

**DARIN SUMNER and**
**JULIE SUMNER**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

On or about a date in February 2026, the exact date unknown, and continuing through on or about October 22, 2026, the exact date unknown, in Perry County, in the Eastern District of Kentucky, and elsewhere,

**DARIN SUMNER and**
**JULIE SUMNER**

did conspire together and with others to knowingly and intentionally distribute controlled substances, including a mixture or substance containing a detectable amount of cocaine and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, each a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about February 13, 2026, in Perry County, in the Eastern District of Kentucky,

**JULIE SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about February 24, 2026, in Perry County, in the Eastern District of Kentucky,

**JULIE SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 4**
**21 U.S.C. § 841(a)(1)**

On or about March 4, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 5**
**21 U.S.C. § 841(a)(1)**

On or about March 6, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 6**
**21 U.S.C. § 841(a)(1)**

On or about March 9, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 7**
**21 U.S.C. § 841(a)(1)**

On or about April 15, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 8**
**21 U.S.C. § 841(a)(1)**

On or about April 23, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable

amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 9**
**21 U.S.C. § 841(a)(1)**

On or about May 28, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 10**
**21 U.S.C. § 841(a)(1)**

On or about October 22, 2026, in Perry County, in the Eastern District of Kentucky,

**DARIN SUMNER and**
**JULIE SUMNER**

did knowingly and intentionally possess with intent to distribute controlled substances, including a mixture or substance containing a detectable amount of cocaine and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, each a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 11**
**18 U.S.C. § 1956(h)**

On or about a date in February 2026, the exact date unknown, and continuing through on or about October 22, 2026, in Perry County, in the Eastern District of Kentucky, and elsewhere,

**DARIN SUMNER and**
**JULIE SUMNER**

knowing that the property involved in financial transactions affecting interstate commerce and foreign commerce represented the proceeds of some form of unlawful activity, did conspire to conduct such financial transactions, which, in fact, involved proceeds of specified unlawful activity, that is, felonious buying, selling, and otherwise dealing in a controlled substance and listed chemical as defined in Section 102 of the Controlled Substances Act and punishable under United States law, with the intent to promote the carrying on of such specified unlawful activity, in violation of 18 U.S.C. §1956(a)(1)(A)(i), and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, and source of the proceeds of said specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i), all in violation of 18 U.S.C. § 1956(h).

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**
**18 U.S.C. § 982(a)(1)**

1. By virtue of the commission of the felony offenses alleged in Counts 1 through 10 of the Indictment, **DARIN SUMNER** and **JULIE SUMNER** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of these violations. Any and all interests that **DARIN SUMNER** and **JULIE SUMNER** have in this property are vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offense alleged in Count 11 of the Indictment, **DARIN SUMNER** and **JULIE SUMNER** shall forfeit to the United States any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interests that **DARIN SUMNER** and **JULIE SUMNER** have in this property are vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

a. Approximately $389,900.00 in U.S. currency seized on or about October 22, 2026 from 52 Open Fork Road, Vicco, Kentucky; and
b. Approximately $38,504.21 in U.S. currency seized on or about October 22, 2026 from 1537 George's Branch Road, Vicco, Kentucky.

**VEHICLES AND EQUIPMENT:**

a. Caterpillar Excavator, Model 303.5E2 with VIN CAT3035ECJWY05047;
b. Caterpillar Compact Track Loader, Model 239D3 with VIN CAT0239DKHC900599
c. John Deere Crawler Dozer, Model 450 GLT with VIN T0450GH817203;
d. 2021 GMC 1500 Sierra Turbo Diesel Truck with VIN 1GTU9CET4MZ151288, Registration Plate No. X1Y219, and Title No. 261350600011;
e. 2023 Polaris Side/Side UTV Ranger 1000 with VIN 3NSTAE994PH355180;
f. 1969 Dodge Charger with Registration Plate No. R1H748, VIN XP29G9G187688, and Title No. 251270600003;
g. 1984 GMC Vandura with Registration Plate No. T3L313, VIN 2GTCG15D7E4500323, and Title No. 260510600002;
h. 1955 Chevrolet Coupe with Registration Plate No. HYH559, VIN 0591340F55Z, and Title No. 181570670009; and
i. 2022 Chevrolet Tahoe with Registration Plate No. N4L688, Title No. 243520600007, and VIN 1GNSKTKL0NR179601.

**MONEY JUDGMENT:**

A forfeiture money judgment in the amount of proceeds obtained as a result of the violations of 21 U.S.C. §§ 841 and 846 and/or in the amount involved in the violation of 18 U.S.C. § 1956.

4. If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

[redacted]

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**ANDREW H. TRIMBLE**
**ASSISTANT UNITED STATES ATTORNEY**

# PENALTIES

## COUNTS 1 & 10

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

## COUNT 2-9

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If Prior Felony Drug Offense:**
Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

## Count 11:

Not more than 20 years imprisonment, not more than $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.